## BAKER v. IRVINE.

### (THREE CASES.)

1. APPEAL—NOTICE OF.—Acceptance of service by writing name of acceptor under indorsement to that effect on back of paper by one authorized by acceptor by telephone message so to do, is equivalent to acceptance by his own hand.
2. JURISDICTION.—When an appeal from magistrate has been dismissed because notice was not properly served, the Circuit Judge has no jurisdiction to hear a motion to reverse the judgment below for lack of jurisdiction or for any other cause.
3. IBID.—MAGISTRATE—GREENVILLE COUNTY.—Has a magistrate in Greenville County jurisdiction to hear a case against a defendant residing in another township?

Before WATTS, J., Greenville, April, 1900.    Reversed.

Three cases for damages for wrongful conversion of several chattels by J. A. and W. C. Baker against W. H. Irvine. Defendant appeals in all three cases from Circuit order dismissing appeals, and from one refusing to reverse judgments below for lack of jurisdiction.

*Messrs. Carey & McCullough* and *Shuman & Mooney,* for appellant, cite: *Written admission is equivalent to personal service:* 2 N. & McC., 548; Code, 155, 360, 159, sub.

4; 28 S. C., 119; 54 S. C., 543; 42 S. C., 111. *Signing by another by his direction is equivalent to doing so himself:* 19 S. C., 551; Code, 155, 360; 40 S. C., 165; 53 Am. R., 491; 48 Ga., 311; 1·12 Mass., 287; 35 S. C., 417. *Magistrate is estopped from denying acceptance:* 12 S. C., 108. *Magistrate had no jurisdiction to try these cases:* Rev. Stat., 863; 57 S. C., 14; 26 S. C., 208; 28 S. C., 119; 17 S. C., 75. *Record being in Court, Judge could look into it, and see if jurisdictional defect appeared:* 25 S. C., 385; 24 S. C., 398; 13 S. C., 198. *Motion is proper remedy to set aside judgment for want of jurisdiction:* 17 S. C., 30, 448; 40 S. C., 154.

*Messrs. Blythe & Blythe,* contra, cite: *Magistrate not having been personally served with notice of appeal, Circuit Judge has no jurisdiction:* 7 S. C., 342; 9 S. C., 82; 18 S. C., 601; 54 S. C., 544. *Appeal having been dismissed, Circuit Judge had no further jurisdiction of case:* 27 S. C., 244; 52 S. C., 529; 54 S. C., 544.

Aug. 7, 1900. The opinion of the Court was delivered by

Mr. CHIEF JUSTICE McIVER. These three cases were heard, and will be considered, together. In each case the defendant took two appeals, both of which may and, as we think, should be, considered together, as the second appeal depends largely upon the effect of the order from which the first appeal was taken. Each of the cases was tried by a magistrate, who rendered judgment in each case in favor of the plaintiff and against the defendant, who undertook to appeal therefrom to the Circuit Court; and the sole question raised by the first appeal is whether the notice of appeal in each of the three cases was given in time. In discussing this question, we shall, for convenience, speak as if they were but a single case, though our language must be regarded as applying to each of the cases. It seems that the judgment of the magistrate was rendered on the 7th day of December, 1899, and the notice of appeal accompanying the grounds

of appeal has upon it the following indorsement: "We
hereby accept service of the within notice and grounds of
appeal, as of each case herein, this 12th day of December,
1899. Blythe & Blythe, plaintiff's attorneys. G. W.
Nichols, magistrate."

On the 23d of March, 1900, plaintiffs' attorneys gave
notice to the attorneys for defendant, that, upon the call of
the case for trial at the next term of the Court of Common
Pleas, they would move to dismiss the appeal upon the fol-
lowing grounds: "Because no notice of appeal in either of
said cases was ever personally served upon G. W. Nichols,
Esq., the magistrate who tried said cases, and rendered
judgment therein; this Court has, therefore, no jurisdiction
to hear said appeals or either of them." The attorneys for
defendant were also notified that, upon the hearing of said
motion, they would use the affidavits of G. W. Nichols, Esq.,
the said magistrate, and of E. M. Blythe, Esq., copies of
which were served with the notice, as well as the indorse-
ment of acceptance of service above set out, purporting to
have been made by G. W. Nichols, Esq., magistrate. The
affidavits thus referred to are set out in the "Case," and that
of the magistrate contains the following language: "No
notice and grounds of appeal were ever personally served
upon me, but on the 12th of December, 1899, on the last day
allowed for the service of said notice and grounds of appeal,
I was called to the telephone at Athens, S. C., by some one
at Greenville, S. C., whose voice I identified as that of J. A.
McCollough, Esq., one of the defendant's attorneys, who
asked me if I would authorize Miss Lola Turner, a stenog-
rapher in his office, to accept service for me of the notice and
grounds of appeal. I replied I would do so if there was
nothing wrong about it. Mr. McCollough replied that he
would be responsible for that. I was then spoken to over
the telephone by some one with a feminine voice, whom I
believe to have been Miss Turner, and I authorized her over
the telephone to accept service for me of the notice and
grounds of appeal. No papers of any kind were served

upon or delivered to me by defendant or his attorneys until the 13th day of December, 1899, the day after the time for appealing had expired, when I received through the mail at Athens, S. C., a package containing the notice and grounds of appeal." The other affidavits used at the hearing of the motion to dismiss the appeal are set out in the "Case," but need not be stated here, as they are simply confirmatory of the statements made by the magistrate, Nichols, in his affidavit above copied, and state the further facts that Miss Turner, in pursuance of the authority conferred upon her by the telephone message from the magistrate, did sign the name of G. W. Nichols, magistrate, to the acceptance of service of the notice and grounds of appeal indorsed thereon, and that Messrs. Blythe & Blythe, attorneys for plaintiffs, also signed said acceptance—all on the 12th of December, 1899, within five days after the judgments appealed from were rendered. At the call of the case for hearing, this motion to dismiss the appeal was heard by his Honor, Judge Watts, who passed an order that the appeal be dismissed— basing his conclusion upon the ground that, "from the facts stated in the aforesaid affidavits, I conclude, as a matter of law, that said facts do not constitute personal service on the magistrate, as demanded by sec. 360 of the Code of Civil Procedure."

From this order defendant appeals upon the grounds set out in the record, which need not be stated here, as they practically raise but two questions: 1st. Whether under the facts stated there was a sufficient and substantial compliance with the law requiring personal service of the magistrate, with the notice and grounds of appeal, within five days after the judgment was rendered. 2d. If not, whether the magistrate, being the only person who could object to the want of service, has not waived such objection by making his return within the time prescribed, in which no objection was made to any want of personal service of the notice and grounds of appeal, as appears by his return, made 3d January, 1900, as set out in the "Case."

As to the first question, there is no doubt that acceptance of service or acknowledgment thereof in writing is equivalent to personal service. *Benson* v. *Carrier,* 28 S. C., at page 122-3; *Whetstone* v. *Livingston,* 54 S. C., at page 543, where it is said that a statement made in the magistrate's return that: " 'Notice of appeal was served on March 2d, 1898;' *while sufficient as an admission to show that the magistrate was served with the notice of appeal,* does not show, or even purport to show, that either the respondent or his attorney was ever served with any notice of appeal" (italics ours). If, therefore, the magistrate had, with his own hand, signed his name to the acceptance of service indorsed upon the notice and grounds of appeal, there can be no doubt the service would have been sufficient. Now, while it is true that Nichols, the magistrate, did not, with his own hand, sign his name to the notice and grounds of appeal in this case, yet, as it seems to us, he did what was equivalent thereto. The undisputed facts are that the magistrate was asked, over the telephone, by the defendant's attorney, to authorize Miss Turner to accept service of the notice and grounds of appeal, which he consented to do; that he was then spoken to, over the telephone, by a lady whose voice he recognized as that of Miss Turner, and that he authorized her, over the telephone, to accept service for him of the notice and grounds of appeal in this case; whereupon Miss Turner immediately signed the name of the magistrate to the indorsement on the back of the notice and grounds of appeal, as hereinabove set out, as authorized by him to do. This, it seems to us, amounted in law to the same thing as if the magistrate had, with his own hand, signed his name to the acceptance of service. If the magistrate had been personally present, and, owing to some temporary disability, was incapacitated from writing, and had, for that reason, requested Miss Turner to sign his name to the paper, and she had done so, there cannot be a shadow of doubt that the signature so made would, in law, be regarded as the signature of the magistrate. Indeed, the case *In re*

*Strong's Will,* 16 N. Y. Sup., 104, which is cited, with approval, by this Court in *Smythe* v. *Irick,* 46 S. C., at page 315, affords an instance of this kind. There one of the subscribing witnesses to a will, being temporarily incapacitated from writing, "by reason of a felon on her hand," asked a bystander to sign her name, which was done, and the Court held it to be sufficient. Take another case: suppose these parties had been upon opposite sides of an impassable stream, and the magistrate had called to Miss Turner, requesting her to sign his name to the acceptance of service, and she had done so, could there be a doubt that, in law, such signature would be regarded as that of the magistrate. The point made by counsel for appellant, that while this may be true where the person who authorizes another to sign his name is personally present and sees the agent sign his name, it is not true where the person whose name is signed by another is not present, cannot be sustained in this case. The only object of requiring the *presence* of the person, whose name is signed by another, is for the purpose of identifying the paper which is signed, and that the signature was made by the person who was authorized or requested to make it. But here no question has been made, or could be made, to either of these identities. For the undisputed facts are the magistrate knew the voice of Miss Turner, and knew that she was the person who did sign the magistrate's name by his authority; and that he knew that the paper which he authorized her to sign was the acceptance of service of the notice and grounds of appeal. All these facts he knew just as well as if he had been personally present when she signed his name. Under this view it becomes unnecessary to consider the second question above stated. We think, therefore, that the Circuit Judge erred in granting the motion to dismiss the appeal, and his action in that respect must be reversed.

The second appeal arises out of the following facts: On the day after the plaintiffs had served the notice of their motion to dismiss the appeal, to wit: on the 24th of March,

1900, the defendant's attorneys served attorneys for plaintiffs with notice of a motion to reverse the judgment appealed from on the ground that the magistrate had no jurisdiction to try the case, inasmuch as the defendant was a resident of Greenville township, and that the said G. W. Nichols, the magistrate, did not reside in the township of Greenville, and had no jurisdiction therein. This motion was based on certain affidavits served with the notice of the motion and set out in the "Case," and also upon the record in the case. The motion was called up after the motion to dismiss the appeal had been heard, and after the Circuit Judge had announced his decision that he would dismiss the appeal. After hearing argument on the motion of defendant to reverse the judgment for lack of jurisdiction, the Circuit Judge granted an order refusing the motion, upon the ground that, after having dismissed the appeal, there was nothing before him, and he could not, therefore, hear or determine the defendant's motion, and for that reason defendant's motion must be dismissed. From this order the second appeal is taken upon the several grounds set out in the record, which, under the view we take, need not be stated here. As soon as the Circuit Judge rendered judgment dismissing the appeal there was no longer any case before him in which any order of any kind could be passed. His judgment dismissing the appeal must be regarded as the law of the case until it is reversed by proper authority. The fact that this Court has *now* reversed the order dismissing the appeal, cannot affect the question. In the attitude which the case *then* occupied, there was no error on the part of the Circuit Judge in refusing defendant's motion to reverse the magistrate's judgment for lack of jurisdiction, for the reason that there was *then* no case before him in which he could grant an order, or take any other action. He could only acquire jurisdiction of the case by appeal, and if, as he had decided, there was no appeal, he never acquired jurisdiction of the case. It is quite true, that a question of jurisdiction can be raised at any stage of a case, but there must be a case

before the Court before that, or any other question, can be raised or determined. So soon, however, as the order of the Circuit Judge dismissing the appeal is reversed by this Court, the way will then be open for the defendant to raise the question presented by his motion, in such form as he may be advised, and have the same considered and determined upon the merits, which have not yet been considered or decided either by this or the Circuit Court. In affirming the order brought before us by the second appeal, we must not, therefore, be considered as concluding the defendant from hereafter raising the question of jurisdiction presented by his motion, and having the same considered and determined on its merits, first by the Circuit Court and by appeal to this Court, if desired.

The judgment of this Court on the first appeal is, that the orders dismissing the appeals from the judgment of the magistrate in each of the three cases named in the title, be reversed, and that the said cases be remanded to the Circuit Court for the purpose of hearing and determining the questions presented by the several appeals from the judgment of the magistrate. In the second appeal, the judgment of this Court is, that the order appealed from be affirmed, solely on the ground that as long as the orders dismissing the appeals from the judgments rendered by the magistrate stood unreversed, there was no case before the Circuit Judge in which he could pass any order; but without prejudice to the right of the defendant to raise the same question of jurisdiction presented by his motion, in such form as he may be advised, and have the same considered and determined upon the merits, first by the Circuit Court and then by this Court, if he shall so desire.